UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-146-FDW

| | |
|---|---|
| SIDNEY N. HOFFMAN, | ) |
| Petitioner, | ) |
| vs. | ) |
| | ) ORDER |
| JAMES VAUGHN, | ) |
| *Superintendent, Caledonia Correctional Institution*, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 6).

**I.     BACKGROUND**

Pro se Petitioner is a prisoner of the State of North Carolina, who, on August 2, 2012, in Lincoln County Superior Court, was convicted after trial by jury of robbery with a dangerous weapon and was sentenced to 75-99 months imprisonment, in case 11 CRS 51150. On May 6, 2014, the North Carolina Court of Appeals issued an unpublished opinion finding no error. State v. Hoffman, 759 S.E.2d 711 (2014). Petitioner was represented at trial by Gregory C. Smith and on appeal by Leslie C. Rawls.

On July 11, 2014, Petitioner filed a pro se motion for appropriate relief ("MAR") in Lincoln County Superior Court. (Doc. No. 7-7: Ex. 6). On July 18, 2014, the MAR Court summarily denied the MAR. (Doc. No. 7-8: Ex. 7). On August 11, 2014, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 7-9: Ex. 8). Petitioner

1

placed the instant petition in the prison system for mailing on August 27, 2014, and it was stamp-filed in this Court on September 2, 2014. Petitioner brings the following claims in the petition: (1) his due process rights were violated because the state failed to prove an essential element of the crime, i.e., that he had a dangerous weapon; (2) his due process rights were violated by the trial court's denial of his motions to suppress the gun and videotaped statement; (3) the jury instructions violated due process and were based on an unreasonable determination of facts; (4) the trial court erred by denying his motion to dismiss at the close of all the evidence due to insufficient evidence, and the North Carolina Court of Appeals decision was an unreasonable determination of the facts; (5) his prior record level was grossly miscalculated; (6) the government engaged in prosecutorial misconduct by allowing the bank employees to be present during the beginning of the suppression hearing to listen to testimony about the gun, telling the trial court that a witness would testify that she saw the tip of a black gun, and failed to correct false testimony about the description of the gun; and (7)(a) Petitioner received ineffective assistance of trial counsel because counsel did not cross-examine one of the bank employees, Ms. Fleming, vigorously enough; trial counsel failed to bring out that Ms. Fleming's husband, Mark Fleming, was allowed onto the crime scene and, upon information and belief, told his wife to claim that Petitioner had a gun; trial counsel failed to correct Lt. Johnson's false testimony about the description of the gun, failed to file an MAR within ten days of judgment to present these issues to the trial court, erroneously stipulated to Petitioner's prior criminal history point, and failed to move to dismiss based on the bank employee's presence at the suppression hearing; and 7(b) Petitioner received ineffective assistance of appellate counsel because appellate counsel filed an Anders brief and did not raise the claims Petitioner raised in his pro se MAR and

2

certiorari petition.

On November 12, 2014, Respondent filed the pending motion for summary judgment. (Doc. No. 6). On November 14, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion. (Doc. No. 8). On November 21, 2014, Petitioner filed a response to the summary judgment motion. (Doc. No. 9).

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

> On 18 April 2011, Defendant was charged with robbery with a dangerous weapon. Defendant filed a pre-trial motion to suppress (1) a gun and notebook seized at his residence; and (2) a videotaped interview of Defendant. The trial court conducted a suppression hearing on 30 July 2012.
> Lieutenant Tim Johnson ("Lieutenant Johnson") of the Lincoln County Sheriff's Office testified that after arresting Defendant, he advised him of his Miranda rights and Defendant declined to make a statement without an attorney. Defendant was appointed counsel the next morning. Lieutenant Johnson subsequently received Defendant's inmate request form stating: "Need to speak to Lieutenant Johnson from investigation concerning my case against me." Lieutenant Johnson met with Defendant in an interview room. Defendant waived his Miranda rights, and in the videotaped interview, he told Lieutenant Johnson that he robbed the bank but did not have a gun. Defendant also told Lieutenant Johnson where to find the clothes he wore during the robbery and a notebook with bank robbery "practice" notes that he created.
> Lieutenant Johnson also testified at the suppression hearing that the bank teller, Susan Fleming ("Ms.Fleming"), gave a statement to a responding officer that she saw the tip of a gun hidden in the robber's shirt sleeve. On cross-examination, Lieutenant Johnson admitted that "[t]here was no description really of the gun." At the conclusion of the hearing, the trial court denied the motion and the case proceeded to trial.
> The State's evidence at trial tended to show the following: On 11 April 2011, Defendant entered a First Citizens Bank in Denver, North Carolina, approached Ms. Fleming and handed her a note that said: "You're being robbed, I have a gun and I will shoot you." Ms. Fleming, who saw the tip of a gun inside Defendant's shirt cuff, handed Defendant money from her bank drawer. Defendant left the bank and drove off in a silver compact car. Ms. Fleming and other bank employees gave statements to responding police officers.

> After receiving a tip, officers went to the home Defendant shared with his girlfriend, Louise Mazziotti ("Ms.Mazziotti"), and observed a silver car in the carport. Police obtained consent to search the home and found a gun, registered to Ms. Mazziotti, on the living room table.
> Defendant admitted that he entered the bank, gave a note to the teller demanding money, and left with the money given to him by her. Defendant, however, testified that he "never had a gun at any time in First Citizens Bank."
> The trial court instructed the jury on robbery with a dangerous weapon and common law robbery. The jury found Defendant guilty of robbery with a dangerous weapon. The trial court sentenced Defendant to a term of 75 to 99 months active imprisonment. Defendant appealed to this Court.

State v. Hoffman, 759 S.E.2d 711 (2014).

## II. STANDARD OF REVIEW

A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to

the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F .3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108

5

(quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

## III. DISCUSSION

### A. Petitioner's Ground One

In his first ground for relief, Petitioner contends that his due process rights were violated because the state failed to prove an essential element of the crime, i.e., that he had a dangerous weapon. This is in essence a claim of insufficient evidence to support the armed robbery conviction. The standard of review on federal habeas corpus of a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 307 (1979). Furthermore, the Supreme Court has held that any claim of insufficient evidence is necessarily a federal due process claim. See Jackson, 443 U.S. at 321.

Petitioner raised his current insufficiency of the evidence claim on direct appeal, and the North Carolina denied the claim on the merits as follows:

> Defendant next contends that the trial court erred in denying his motion to dismiss because the State failed to present sufficient evidence of robbery with a dangerous weapon. "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" State v. Fritsch, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), cert. denied, 531 U.S. 890, 148 L.Ed.2d 150 (2000)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied, 515 U.S. 1135, 115 S.Ct. 2565, 132 L.Ed.2d 818 (1995).
> "[T]he essential elements of robbery with a dangerous weapon are: '(1) the unlawful taking or attempted taking of personal property from another, (2) the possession, use or

6

threatened use of firearms or other dangerous weapon, implement or means, and (3) danger or threat to the life of the victim.'" State v. Allred, 131 N.C.App. 11, 19, 505 S.E.2d 153, 158 (1998) (quoting State v. Donnell, 117 N.C. App. 184, 188, 450 S.E.2d 533, 536 (1994)). Defendant asserts the State failed to present evidence of elements two and three, pointing to evidence indicating that Ms. Fleming's testimony was inconsistent with her written statements to responding officers.

Here, Ms. Fleming testified that (1) when Defendant approached her teller window, he gave her a note that said: "You're being robbed, I have a gun and I will shoot you;" (2) she saw the tip of a gun inside Defendant's right-arm shirt cuff; and (3) she complied with Defendant's demand by handing him money from her bank drawer because "[she] was scared." Further, Ms. Fleming's testimony at trial is consistent with the statement she gave to Detective Pitts on the day of the robbery. Any discrepancy in the evidence was for the jury to resolve. See State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992). Therefore, we conclude that the trial court properly denied Defendant's motion to dismiss.

State v. Hoffman, 759 S.E.2d 711. The state court's denial of Petitioner's insufficiency of the evidence claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law, nor was the state court decision an unreasonable determination of the facts, in light of the evidence presented in the state court proceedings.[1] That is, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of robbery of a dangerous weapon beyond a reasonable doubt. Thus, Petitioner's first ground for relief is without merit.

In sum, Petitioner's first ground for relief is denied.

B.      Petitioner's Ground Two

In his second ground for relief, Petitioner contends that his due process rights were violated by the trial court's denial of his motions to suppress the gun and videotaped statement. Petitioner raised the substance of this claim on direct appeal, and the North Carolina Court of Appeals denied the claim on the merits as follows:

---

[1] Respondent further contends that Petitioner's insufficiency of the evidence claim is procedurally barred because he failed to raise this claim in a timely filed notice of appeal and/or petition for discretionary review to the North Carolina Supreme Court.

> First, Defendant claims the trial court erred by denying his motion to suppress the gun and his videotaped statement. Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law ... are fully reviewable on appeal." State v. Hughes, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).
>
> Defendant asserts the trial court erred in not suppressing the gun because the trial court's Finding of Fact 10 is not supported by the evidence. Finding of Fact 10 states that "a bank teller-witness at the time of the robbery gave a statement to the investigating officer that she saw the tip of a gun in the sleeve of the Defendant's shirt but could not otherwise describe the gun." Lieutenant Johnson testified that Ms. Fleming told Detective William Pitts ("Detective Pitts") of the Lincoln County Sheriff's Office that she saw the tip of a gun in Defendant's sleeve. Lieutenant Johnson admitted there was no other description of the gun. We believe the foregoing testimony is sufficient to support the challenged finding of fact.
>
> Defendant also contends the trial court erred in not suppressing the videotaped statement because "his will was overcome to contact the Lt. to discuss his case." Evidence presented at the suppression hearing shows that Defendant checked and initialed the following paragraph of his second Miranda warning on 13 April 2011: "I contacted Lieutenant Tim Johnson and also ... Lincoln County Sheriff's Office in reference to this case. No promises or threats have been made to me, no pressure or coercion of any kind has been used against me." This evidence is sufficient to support the trial court's finding and conclusion that Defendant's statement given to Lieutenant Johnson was voluntarily and knowingly made. Accordingly, the trial court properly denied Defendant's motion to suppress.

State v. Hoffman, 759 S.E.2d 711. Here, the state court adjudication of Petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. Furthermore, as Respondent notes, in light of the strong evidence of Petitioner's guilt presented by the bank employees, if any potential error occurred during the suppression motion hearing, it did not have a "substantial and injurious" impact on the verdict, and was therefore harmless for purposes of federal habeas review. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (harmless error standard on federal habeas review requires trial error to have "substantial and

8

injurious effect or influence in determining the jury's verdict" to warrant relief).

In sum, Petitioner's second ground for relief is denied.

C. Petitioner's Ground Three

In his third ground for relief, Petitioner asserts that the jury instruction on the charge of robbery with a dangerous weapon violated due process and was based on an unreasonable determination of facts. Petitioner raised this claim on direct appeal. Because Petitioner did not object to the jury instruction at trial, the North Carolina Court of Appeals reviewed this claim in terms of plain error, and the court found no error. State v. Hoffman, 759 S.E.2d 711. Plain error constitutes enforcement of the procedural bar for failing to object at trial and precludes federal habeas review. See Daniels v. Lee, 316 F.3d 477, 487-88 (4th Cir. 2003). This, this claim is procedurally barred from federal habeas review. In any event, Petitioner's third ground for relief is without merit because, even if any potential error occurred in the jury instruction, in light of the strong evidence of Petitioner's guilt, it did not have a substantial and injurious impact on the verdict, and was therefore harmless for purposes of federal habeas review.[2]

In sum, Petitioner's third ground for relief is denied.

D. Petitioner's Ground Four

In his fourth ground for relief, Petitioner contends that the trial court erred by denying his motion to dismiss at the close of all the evidence due to insufficient evidence, and the North Carolina Court of Appeal decision was an unreasonable determination of facts. This claim is merely a re-phrasing of the insufficiency of the evidence claim raised in Petitioner's first ground

---

[2] Respondent further contends that Petitioner's third claim is procedurally barred because he failed to raise this claim in a timely filed notice of appeal and/or petition for discretionary review to the North Carolina Supreme Court.

for relief. Thus, Petitioner's fourth ground for relief is denied for the same reasons his first ground for relief is denied.

In sum, Petitioner's fourth ground for relief is denied.

E. Petitioner's Ground Five

In his fifth ground for relief, Petitioner contends that that his prior record level was grossly miscalculated. Petitioner raised the substance of his fifth ground for relief in his MAR, and the MAR Court summarily denied and alternatively denied the MAR on the merits. (Doc. Nos. 7-7; 7-8). Petitioner's fifth claim is denied, as errors of state law are not cognizable on federal habeas review.[3] See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many time that 'federal habeas corpus does not lie for errors of state law.' ") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

In sum, Petitioner's fifth ground for relief is denied.

F. Petitioner's Ground Six

In his sixth ground for relief, Petitioner contends that the prosecution engaged in prosecutorial misconduct by allowing the bank employees to be present during the beginning of the suppression hearing to listen to testimony about the gun, by telling the trial court that a witness would testify she saw the tip of a black gun, and by failing to correct false testimony about the description of the gun. To establish prosecutorial misconduct, Petitioner must show (1) the government's conduct was improper; and (2) the conduct prejudicially affected substantial rights so as to deprive defendant of a fair trial. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). The Supreme Court has held that to rise to the level of a due process violation,

---

[3] Respondent contends that, in any event, Petitioner's claim of miscalculation in his prior record level is without merit.

"the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." Greer v. Miller, 483 U.S. 756, 765 (1987) (internal citations omitted). Petitioner raised the substance of his current prosecutorial misconduct claim in his MAR, and the MAR Court summarily denied this claim on the merits. The MAR Court's summary adjudication of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law. Here, Petitioner's allegations of prosecutorial misconduct are unsupported and conclusory, and simply do not meet the high burden of showing prosecutorial misconduct. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992).

In sum, Petitioner's sixth ground for relief is denied.

G. Petitioner's Ground Seven

In his seventh ground for relief, Petitioner brings various claims of ineffective assistance of trial and appellate counsel. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden

11

of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000). Finally, a federal habeas court's review of a state court's denial of an ineffective assistance of counsel claim is "doubly deferential." Harrington v. Richter, 131 S. Ct. 770, 786-88 (2011). That is, when both § 2254(d) and Strickland apply, the question becomes whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 788.

First, Petitioner contends that he received ineffective assistance of trial counsel because counsel (1) did not cross-examine one of the bank employees, Ms. Fleming, vigorously enough and this shows a conflict of interest; (2) failed to bring out that Ms. Fleming's husband Mark Fleming was allowed onto the crime scene and, upon information and belief, told his wife to claim Petitioner had a gun; (3) failed to correct Lt. Johnson's false testimony about the description of the gun; (4) failed to file an MAR within ten days of judgment to present these issues to the trial court; (5) erroneously stipulated to Petitioner's prior criminal history point; and (6) failed to move to dismiss based on the bank employee's presence at the suppression hearing. Petitioner raised the substance of his current ineffective assistance of trial counsel claims in his MAR, and the MAR Court summarily denied the claims on the merits. The MAR Court's summary denial of these claims was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. As noted, to establish ineffective assistance of counsel under Strickland, Petitioner must show both a professional dereliction and a reasonable probability of a different result. Here, Petitioner can show neither. He has not shown how any

12

more vigorous cross-examination, or bringing out any other matters at trial, or filing a post-trial MAR would have made any difference at all in this case. In fact, all of Petitioner's ineffective assistance of trial counsel claims are subject to denial as conclusory and supported.

Next, in support of Petitioner's claim for ineffective assistance of appellate counsel, Petitioner contends that he received ineffective assistance of appellate counsel because counsel filed an Anders brief and did not raise the claims Petitioner raised in his pro se MAR and certiorari petition. Petitioner raised the substance of his current ineffective assistance of appellate counsel claim in his MAR, and the MAR Court summarily denied this claim on the merits. The MAR Court's summary denial of Petitioner's ineffective assistance of appellate counsel claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. As set forth above, all of the contentions Petitioner raised in his MAR and certiorari petition are without merit. Therefore, appellate counsel could not have committed a professional dereliction creating a reasonable probability of a different result under Strickland, by failing to raise meritless claims.

In sum, Petitioner's seventh ground for relief is denied.

### IV. CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment as to all of Petitioner's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**.
2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability.  See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 26, 2014

Frank D. Whitney
Chief United States District Judge